Appellant renews his insistence that the indictment is defective.

This prosecution is not one arising under those statutes commonly referred to as the enhancement-of-punishment statutes. Art. 61 to 64, inclusive, Vernon's Penal Code. Indeed, we are aware of no general statute whereby a prior misdemeanor conviction may be utilized to enhance the punishment for a subsequent felony conviction. The enhancement-of-punishment statutes cited do not so provide.

Art. 802b, Vernon's P.C., under which this prosecution was maintained, defines the felony offense of drunk driving as an independent crime, and is not an enhancement-of-punishment statute. The instant indictment follows the provisions of that statute, and charges the constituent elements constituting the offense as therein set forth.

The fact that the 52nd Legislature, in 1951, by Chap. 457, amended Art. 802b, P.C., and made material changes therein—especially in so far as the matter of punishment is concerned—cannot and does not change or affect this case which was tried prior to the amendment. Art. 13, Vernon's P.C.; Davis v. State, 142 Tex.Cr.R. 602, 155 S.W.2d 801.

The motion for rehearing is overruled.

## BOMAN v. STATE.
### No. 25695.

Court of Criminal Appeals of Texas.
Feb. 20, 1952.

No attorney on appeal for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

WOODLEY, Commissioner.

Under an indictment charging the offense of felony theft and alleging two pre-

204

vious successive convictions for felonies less than capital, appellant was assessed a life term in the penitentiary.

No statement of facts or bills of exception are found in the record and the proceedings appear to be regular.

The judgment is affirmed.

Opinion approved by the Court.